CLD-124                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1087
_____

MICHAEL NELSON,
                                        Appellant

v.

MARISSA REDICK, SCI-Mahanoy
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-23-cv-00945)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 16, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 26, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Michael Nelson appeals from the District Court's sua sponte dismissal of his civil rights complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

Nelson alleged that on October 27, 2022, when he was incarcerated at Pennsylvania State Correctional Institution Mahanoy ("SCI Mahanoy"),[1] he passed a sick call request slip to Appellee Marissa Redick, the nurse who gave him his evening medication. **See ECF No. 10, ¶ 7.** The following morning, Nelson learned that he was not signed up for a morning sick call. **See id. at ¶ 9.** Nelson concluded that Redick intentionally failed to turn in his sick call request to punish him for naming her as a defendant in a federal civil lawsuit. **See id. at ¶ 10.** As a result, Nelson waited up to three additional hours to see medical personnel. **See ECF No. 1, ¶¶ 10, 13**.

The District Court conducted a sua sponte review of Nelson's initial complaint and dismissed the complaint without prejudice for failure to state a claim. **See ECF No. 8.** Nelson filed an amended complaint that was less detailed than his initial complaint. **See ECF No. 10.** The District Court liberally construed Nelson's amended complaint as stating claims of deliberate indifference to serious medical needs in violation of the Eighth Amendment and retaliation in violation of the First Amendment. The District

---

[1] Nelson is currently confined at SCI Somerset.

Court dismissed Nelson's amended complaint with prejudice. Nelson timely appealed, and he has submitted two brief arguments to support his appeal. See **C.A. Nos. 13 & 14.**

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's sua sponte dismissal of a complaint under 28 U.S.C. § 1915A. See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). Accordingly, we may affirm the District Court's judgment on any basis supported by the record. See Hildebrand v. Allegheny County, 757 F.3d 99, 104 (3d Cir. 2014). We may summarily affirm the District Court's order if an appeal presents no substantial question for our review. See 3d Cir. L.A.R. 27.4; IOP 10.6. To avoid dismissal for failure to state a claim, a claim must be supported by sufficient factual allegations that, if accepted as true, state a claim for relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim. See id.

A plaintiff can plausibly allege an Eighth Amendment claim of deliberate indifference by pleading that (1) a prison official was deliberately indifferent to his medical needs and (2) his medical needs were serious. See Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017). A medical need is serious if it "has been diagnosed by a physician as requiring treatment" or if it "is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987); see also Palakovic v. Wetzel,

3

854 F.3d 209, 227 n.23 (3d Cir. 2017). A prison official is deliberately indifferent if she knew of and disregarded an excessive risk to a prisoner's health or safety. See Durham v. Kelley, 82 F.4th 217, 229 (3d Cir. 2023). Deliberate indifference can manifest as "an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, or a denial of reasonable requests for treatment that leads to suffering or risk of injury." Id. at 230.

Here, Nelson failed to plead that he had a serious medical need. Nelson's initial complaint vaguely stated that he made the sick call request because he "was in a great deal of pain and was suffering." See ECF No. 1, ¶ 9. Despite the District Court's accurate warning that this information was insufficient to state a serious medical need, Nelson's amended complaint omits even that cursory mention of pain and suffering, and instead only briefly references Redick's intention to force him to suffer extreme pain. **See ECF No. 10.**[2] Vague allegations of pain and suffering do not describe a doctor's diagnosis of a medical condition that requires treatment, and they do not relay symptoms that are so obviously serious that a lay person would recognize that a doctor's attention is warranted. Nelson also failed to plausibly allege that Redick's inaction constituted deliberate indifference: Based solely on the information that Nelson was not on the sick call list the

---

[2] Nelson informed this Court (but apparently not the District Court) that he was experiencing "some [of] the most painful headaches he's ever had in his life." See C.A. No. 13.

4

following morning, Nelson assumed that Redick "knowingly and intentionally" failed to submit his request. See ECF No. 10, ¶ 9. Without additional context, this is merely a conclusory allegation; Redick might have had insufficient information about Nelson's medical needs to understand that he needed medical care the following morning, Redick could have forgotten to relay Nelson's request for medical care, or perhaps Redick relayed the request, but some other person failed to put Nelson on the list.

To state a claim of First Amendment retaliation, an incarcerated plaintiff must plausibly allege that (1) he engaged in constitutionally protected conduct, (2) prison officials caused him to suffer an adverse action, and (3) the constitutionally protected conduct was a substantial or motivating factor in the decision to take that adverse action. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). An adverse action is conduct "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (alteration in original) (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).

Nelson does not plausibly allege a First Amendment retaliation claim because Redick's single action of failing to deliver a sick call request slip was not an adverse action. Even if we assume that Redick intentionally refused to relay Nelson's request for medical attention to punish Nelson for suing her, her act was insufficient to deter a person of ordinary resolve from exercising his right to pursue civil litigation against prison officials. Nelson has not identified any other deterrent effect that Redick's act could have

5

had—Redick's inaction evidently did not deter Nelson from promptly renewing his request for medical attention, and it did not prevent Nelson from receiving medical attention a few hours after his renewed request.

For these reasons, we will summarily affirm the District Court's decision to sua sponte dismiss Nelson's amended complaint with prejudice.